# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-CV-0665-CVE-TLW |
| | ) |
| ERIC FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing pro se. Before the Court is Petitioner's amended petition (Dkt. # 11). Respondent filed a response (Dkt. # 14) to the amended petition, and provided the portions of the state court record necessary for resolution of Petitioner's claims. See Dkt. ## 5, 6. Petitioner did not file a reply.[1] For the reasons discussed below, the Court finds the amended petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

On September 26, 2005, Lynn Scott went to a club in Tulsa with some friends. Around 1:00 a.m., she sent a text message to her former boyfriend, Petitioner, wishing his son a happy birthday. Petitioner called her back, sounding angry. At approximately 2:00 a.m., Ms. Scott arrived home and began preparing for bed. Her oldest son told her that a woman, later determined to be Lacrisha Thomas, was at the front door. After pretending to need information about Ms. Scott's neighbor, the woman left. She returned shortly thereafter and asked to use Ms. Scott's phone. When Ms. Scott

---

[1] Petitioner filed a reply to the response to his original petition, see Dkt. # 7, but did not file an amended reply after Respondent filed his response to the amended petition.

opened the door to hand the phone to the visitor, Ms. Thomas threw sulphuric acid in Ms. Scott's face. She was blinded and suffered burns on her face, arms, chest, and legs.

The victim suspected that Petitioner was somehow involved in the attack, as he had a history of violent abuse with Ms. Scott. The glass which held the acid was left in Ms. Scott's yard. Petitioner's fingerprints were on it. After an investigation, the police determined that Petitioner drove Ms. Thomas to the victim's home the night of the attack, and was instrumental in the attack. He was arrested and charged with assault and battery with a dangerous weapon (Count 1), maiming (Count 2), and conspiracy to commit a felony (Count 3), all after former conviction of two felonies. Count 2 was dismissed prior to trial. Petitioner was tried by a jury in Tulsa County District Court Case No. CF-2005-4564,[2] and found guilty of both Counts 1 and 3.[3] Petitioner testified in his own defense at trial. On January 7, 2007, Petitioner was sentenced to forty (40) years imprisonment on Count 1, and twenty (20) years on Count 3. The counts were to run consecutively. At trial, Petitioner was represented by attorney Art Fleak.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Gordon Melson, he raised the following eight (8) propositions of error:

| | |
|---|---|
| Proposition I: | Appellant's conviction must be reversed because there was insufficient evidence to support the testimony of his accomplice. |
| Proposition II: | The trial court improperly modified the jury instructions by mistating [sic] the law on co-conspirator and accomplice testimony. |
| Proposition III: | The trial court improperly allowed the prosecution to introduce evidence of prior bad acts. |

---

[2] Although Lacrisha Thomas was also charged in the same case, the two co-defendants had separate trials.

[3] The trial judge referred to Count 1 as "Count A" and to Count 3 as "Count B."

| | |
|---|---|
| Proposition IV: | There was insufficient evidence of aiding and abetting to establish the Appellant as a principal. |
| Proposition V: | The trial court improperly allowed cumulative and inflammatory photographs into evidence. |
| Proposition VI: | The trial court improperly allowed a prejudicial courtroom display resulting in undue sympathy for the victim. The problem was further aggravated by the trial court failing to declare a mistrial. |
| Proposition VII: | Appellant's sentence was excessive, and the problem was further aggravated when the trial court abused its discretion by ordering the sentences to run consecutively. |
| Proposition VIII: | The trial court improperly overruled Appellant's request for a jury instruction on the crime of accessory after the fact. |

See Dkt. # 5, Ex. 1. In an unpublished summary opinion, filed February 14, 2008, in Case No. F-2006-1071 (Dkt. # 5 , Ex. 3), the OCCA rejected Petitioner's claims for relief and affirmed the Judgment and Sentence of the trial court.

On March 13, 2009, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 5, Ex. 5. By order filed April 22, 2009, the trial court denied post-conviction. Id. Petitioner appealed. See Dkt. # 5, Ex. 4. On post-conviction appeal, he raised two (2) grounds of error, as follows:

1. The trial court abused its discretion by denying trial counsel's motion to withdraw.

2. The district court erred in finding that appellate counsel was effective.

Id. By order filed August 11, 2009, in Case No. PC-2009-479, the OCCA affirmed the denial of post-conviction relief. Dkt. # 5, Ex. 5.

Petitioner filed his federal habeas corpus petition on October 13, 2009 (Dkt. # 1). Petitioner filed an amended petition on August 25, 2010, raising four (4) grounds of error, as follows:

|  |  |
|---|---|
| Ground One: | Petitioner received ineffective assistance of Appellate Counsel. |
| Ground Two: | Petitioner was denied his right to counsel of choice and conflict free counsel. |
| Ground Three: | Trial court improperly allowed the prosecution to introduce evidence of prior bad acts. |
| Ground Four: | Trial court improperly allowed a prejudicial courtroom display resulting in undue sympathy for the victim. |

See Dkt. # 11. In response to the amended petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). See Dkt. # 14.

*ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal and post-conviction. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

4

presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). The AEDPA standard is "highly deferential . . . [and] demands that state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997)). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To the extent Petitioner's claims are cognizable in this federal habeas corpus proceeding and not precluded or procedurally barred, his claims shall be reviewed pursuant to § 2254(d).

### 1. Ineffective assistance of appellate counsel (ground 1)

In his first ground for relief, Petitioner alleges that his appellate counsel's performance was constitutionally deficient because he failed to raise the issue on direct appeal that Petitioner was denied his "right to counsel of choice and conflict free counsel." Dkt. # 11 at 4. The OCCA denied relief on this claim in Petitioner's post-conviction appeal. Dkt. #5, Ex. 5 at 2-3. Respondent contends that Petitioner is not entitled to relief because the OCCA's decision was not contrary to, or an unreasonable application of, Supreme Court law.

In denying relief, the OCCA stated the following:

> In addressing Petitioner's ineffective-assistance-of-appellate-counsel claim, the District Court examined the trial court record and reviewed the brief that appellate counsel filed in the direct appeal. The District Court found these items revealed that appellate counsel had provided "reasonably effective assistance" and

5

> "was reasonably competent." Additionally, the District Court concluded that Petitioner had "failed to show that there is a reasonable probability that, but for counsel's [omission of Petitioner's claimed] error, the outcome of the direct appeal would have changed."
>
> . . .
>
> After examining the record, the District Court concluded that appellate counsel provided the "reasonably effective assistance" required by *Strickland,* and that Petitioner had not shown prejudice occurring due to omission of the claimed error in the direct appeal. Petitioner has not pointed to any place in the record that proves these findings to be error. Moreover, "[a]s we have held many times, failure to raise even a meritorious claim does not, in itself, constitute deficient performance."

(Dkt. # 5, Ex. 5 at 2-3 (footnotes and citations to original trial record omitted)).

The OCCA initially cited Strickland v. Washington, 466 U.S. 668 (1984), in affirming the district court's denial of Petitioner's ineffective assistance of appellate counsel claim. After referencing the standard established in Strickland, the OCCA then continued its analysis by citing Hooper v. State, 957 P.2d 120, 124 (Okla. Crim. App. 1998), for the proposition that "failure to raise even a meritorious claim does not, in itself, constitute deficient performance." Dkt. # 5, Ex. 5 at 3. That legal premise deviates from the controlling federal standard. See Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003). As a result, the OCCA's analysis of Petitioner's ground one claim of ineffective assistance of appellate counsel is not entitled to deference on federal habeas corpus review. Id. at 1205; Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005). Therefore, this Court will conduct a *de novo* review of Petitioner's claim of ineffective assistance of appellate counsel.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995), *abrogated on other grounds by* Neill v. Gibson, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001) (rejecting "dead bang winner" standard). To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance

was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A petitioner can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394.

More particularly, "the relevant questions are whether appellate counsel was 'objectively unreasonable' in failing to raise these . . . claims on direct appeal and, if so, whether there is a 'reasonable probability that, but for his counsel's unreasonable failure' to raise these claims, [Petitioner] 'would have prevailed on his appeal.'" Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001).

Petitioner contends that his trial counsel was not his "counsel of choice" and was not "conflict free." He maintains that omission of this claim on direct appeal was constitutionally deficient representation by his appellate counsel. The record reflects that on the morning of trial, Petitioner's counsel filed a motion to withdraw, citing a breakdown in communications in a meeting at the jail the night before. As the jury was on the way up to the courtroom, the trial judge heard the motion. The following colloquy occurred:

| | |
|---|---|
| COURT: | This matter comes on for jury trial for Keith Lloyd Robinson. Are both parties ready to proceed? |
| PROSECUTOR: | The State's ready, Your Honor. |
| DEFENSE: | No, Your Honor. We filed a motion to withdraw this morning and Mr. Robinson is here. Mr. Robinson, last night at the jail, expressed extreme unhappiness and said he was going to sue me in federal court; that I didn't know what I was doing. I was in league with the DA and in a plot against him to send him to prison and that he didn't want me to be his lawyer.<br><br>So I filed a motion this morning and I guess, Your Honor, I'd ask Your Honor to address him directly about what his wishes are. |
| COURT: | Well, first of all, I'll ask you, Mr. Robinson, do you have someone ready to proceed? |
| PETITIONER: | No, I don't. |

| | |
|---|---|
| COURT: | Okay. I have the jury on the way up. Mr. Fleak, these charges were filed on the 14th day of November of '05. Mr. Fleak entered an appearance the 21st day of November of '05. At least a portion of this time Mr. Robinson has been out of custody. |
| | We had a motion hearing, as recently as last week and nothing was expressed to me as dissatisfaction with Mr. Fleak's services at that point in time. The Court is familiar with Mr. Fleak's reputation as a defense attorney and I do not find that it's appropriate at this time to allow Mr. Fleak to withdraw when the jury is on the stairs on the way up here. |

Dkt. 6-7 at 3-4, Tr. Trans. Vol. I. Petitioner makes the conclusory argument that his "counsel of choice" claim is meritorious, and the omission of this claim on direct appeal constituted deficient performance by appellate counsel. The Court disagrees. The Court finds no "complete breakdown in communication" of the type addressed in Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000) (recognizing that "a complete breakdown in communication between an attorney and client may give rise to a presumption of ineffectiveness"), and United States v. Lott, 433 F.3d 715, 725-26 (10th Cir. 2006). To be entitled to habeas relief, Petitioner must show that the breakdown in communication was not the result of his "unjustifiable reaction to the circumstances of his situation." Romero, 215 F.3d at 1114. Petitioner cannot "simply manufacture a breakdown in communication and thereby give rise to a constitutional violation." Id. In Petitioner's case, the record reflects that Petitioner substantially contributed to the communication breakdown the night before his trial was to begin by yelling at his attorney and calling him names. See Dkt. # 6-4, O.R. Motion to Withdraw as Attorney for Defendant, at 235-36. Any lack of communication appears to be attributable to Petitioner, rather than his counsel. Further, although Petitioner had hired Mr. Fleak as his counsel, there is no evidence that he attempted to obtain substitute counsel, although he was fully aware that

9

his trial was set to begin the day after he verbally attacked attorney Fleak. Petitioner's claim that he was denied a constitutional right to his counsel of choice is without merit.

Likewise, Petitioner has not established the existence of a conflict of interest. See United States v. Soto Hernandez, 849 F.2d 1325, 1329 (10th Cir. 1998) (to establish a conflict of interest, a petitioner must show that counsel "actively represented conflicting interests" in the pending case). When he was afforded the opportunity to express his concerns to the trial judge prior to the commencement of trial, Petitioner did not advise the trial judge that his attorney was working under a conflict of interest. A defendant who raised no objection at trial "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Petitioner has not shown how his trial attorney represented conflicting interests, or that any alleged conflict adversely affected his attorney's performance.

Further, to the extent Petitioner's conflict of interest claim is premised on a complete breakdown in communication, the Court finds he has failed to demonstrate entitlement to habeas corpus relief. As noted above, any breakdown in communication was caused by Petitioner's behavior the night before trial. Upon review of the record, the Court finds no merit to Petitioner's underlying assertion that his trial attorney was not "conflict free." Therefore, appellate counsel did not provide ineffective assistance in failing to raise this claim and Petitioner is not entitled to habeas corpus relief on this portion of his ground one claim.

In summary, Petitioner has failed to demonstrate that his underlying claims, that he was denied his counsel of choice and that his trial counsel was not "conflict free," are meritorious. Appellate counsel cannot be ineffective for failure to pursue meritless claims. Cannon v. Mullin, 383 F.3d 1152, 1177 (10th Cir. 2004). Accordingly, Petitioner's ineffective assistance of appellate

counsel claim for failing to raise these issues on direct appeal lacks merit. Habeas relief shall be denied on ground one.

### 2. Improper admission of prior bad acts (ground 3)

As his third proposition of error, Petitioner complains that the trial judge erred in allowing testimonial evidence of his prior abuse of Ms. Scott. On direct appeal, the OCCA rejected this claim, finding that Petitioner's "prior abuse of the victim during their relationship was relevant to establish his intent to harm her at the time of the offense." See Dkt. # 5, Ex. 3 at 3.

This Court must give considerable deference to state court evidentiary rulings and "may not provide habeas corpus relief . . . unless [those rulings] rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1277 (10th Cir. 1999). The court agrees with the OCCA's finding that the evidence of Petitioner's prior abuse of Ms. Scott was relevant to his intent to commit the crimes of assault and battery with a dangerous weapon and conspiracy to commit assault. The trial court's decision to admit the evidence did not render Petitioner's trial fundamentally unfair. Duckett, 306 F.3d 999-1000. Further, his finger prints on the acid jar and the testimony of Ms. Thomas provided direct evidence that Petitioner committed the crimes for which he was convicted. Cf. Smallwood, 191 F.3d at 1277 (finding that because there was direct evidence, admission of prior bad acts did not make the defendant's trial "fundamentally unfair"). Because Petitioner has not shown his trial was rendered fundamentally unfair, he is not entitled to habeas corpus relief on this claim.

### 3. Refusal to grant a mistrial based on victim's emotional display (ground 4)

In ground four, Petitioner claims that he was denied a fair trial when the trial judge refused to grant a mistrial after the jury witnessed the blind victim being escorted out of the courtroom, in tears, following her testimony. The OCCA resolved this claim on direct appeal. Finding that the trial court "did not abuse its broad discretion in matters of courtroom management," the OCCA held that "[t]he fact that the victim was blinded in the assault was already in evidence, and the fact that she was somewhat upset after testifying was not grounds for admonishment or mistrial." See Dkt. # 5, Ex. 3 at 3-4.

The Supreme Court has stated that the decision whether to grant a mistrial is reserved to the "broad discretion" of the trial judge. Renico v. Lett, 130 S.Ct. 1855, 1858 (2010) (quoting Illinois v. Somerville, 410 U.S. 458, 462 (1973)). Although Petitioner argues that the "avoidable display" of emotion by the victim when she was escorted out of the courtroom in tears unduly prejudiced him, he fails to provide any citations or argument to convince the Court that the OCCA's decision was contrary to, or an unreasonable application of, Supreme Court law. He is not entitled to habeas corpus relief on his ground four claim.

### C. Procedural bar (ground 2)

In ground two, Petitioner complains that the trial court's denial of his attorney's motion to withdraw violated Petitioner's "right to counsel of choice and conflict free counsel." See Dkt. # 11 at 6. This allegation of a violation of his Sixth Amendment right to counsel was raised for the first time on post-conviction, see Dkt. # 5-4, but was not adjudicated on the merits. Instead, the OCCA acknowledged the imposition of a procedural bar by the state district court, stating as follows:

12

> Petitioner's Application for Post-conviction Relief claimed that "Petitioner's right to counsel of choice and conflict free counsel were denied" (O.R. 31), and that Petitioner received ineffective assistance of counsel when his appellate counsel neglected to raise this issue on direct appeal (O.R. 33-35). The District Court properly found that Petitioner's ineffective assistance of trial counsel claimed [sic] was procedurally barred due to Petitioner's failure to have raised that issue on direct appeal.

See Dkt. # 5-5 at 2 (citing in a footnote Okla. Stat. tit. 22, § 1080, and Thomas v. State, 888 P.2d 522, 525 (Okla. Crim. App. 1994)). Respondent argues that this Court must recognize the procedural bar imposed by the state appellate court. See Dkt. # 14 at 11-14.

The Court finds that Petitioner's ground two claim of a violation of his Sixth Amendment right is procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined or would decline to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).

Notwithstanding the procedural status of this claim, the Court has concluded in section B.1. hereinabove that Petitioner's claim of ineffective assistance of appellate counsel should be denied because the underlying claim, that he was denied his "right to counsel of choice and conflict free counsel," is without merit. Based on that analysis, the trial court's denial of the motion to withdraw filed by Petitioner's attorney on the morning of trial did not result in a violation of Petitioner's constitutional rights. Habeas relief is denied on his ground two claim.

**D.     Certificate of appealability**

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. <u>See Dockins v. Hines</u>, 374 F.3d 935 (10th Cir. 2004). As to any claim denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's amended petition for habeas corpus relief (Dkt. # 11) is **denied**.

2. A certificate of appealability is **denied**.

3. A separate judgment shall be entered in this matter.

**DATED** this 10th day of January, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE